IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**ALEXANDER ACOSTA-LEAL,**

**Defendant.**                                                                 **No. 10-30036-DRH**

### ORDER

**HERNDON, Chief Judge:**

Now before the Court is Acosta-Leal's motion for post-sentencing relief pursuant to 28 U.S.C. § 2255 (Doc. 80).  Specifically, Acosta-Leal moves the Court to issue a corrective sentencing order that credits him for time served in federal detention between February 17, 2010 and March 8, 2010 – the time that he was in the custody of the Immigration and Customs Enforcement ("ICE").  The Government opposes the motion arguing that the Bureau of Prisons computed his sentence correctly; that this is not a proper § 2255; that this motion should be dismissed for failure to exhaust administrative remedies; that Acosta-Leal did not name the proper respondent and that it was filed in violation of the plea agreement's appeal waiver provision.  Based on the following, the Court denies Acosta-Leal's motion.

On March 3, 2010, the grand jury returned an indictment against Acosta-Leal charging him with illegal reentry of a deported alien in violation of 8 U.S.C. §§ 1326(a) and (b)(1) (Doc. 1).  On March 8, 2010, Magistrate Judge Proud

arraigned Acosta-Leal and remanded him to the custody of the United States Marshal (Docs. 10 & 20). On April 22, 2010, Acosta-Leal, pursuant to a Plea Agreement, plead guilty to the charge against him contained in the indictment (Docs. 41, 42, 42, & 44). The Plea Agreement contained an appeal and collateral challenges/review provision waiver (Doc. 43, ps. 7-8). On August 13, 2010, the Court sentenced Acosta-Leal to 8 months imprisonment and three years of supervised release (non-reporting if Acosta-Leal is deported) (Docs. 68 & 70).

On October 26, 2010, Acosta-Leal filed the motion for post-sentencing relief pursuant to 28 U.S.C. § 2255 (Doc. 80). Acosta-Leal contends that the he has served more than the eight months that he was sentenced to serve. Specifically, Acosta-Leal contends that he should be given credit for the time served starting from the time that he was initially arrested and detained by ICE on February 17, 2010. The Government opposes the motion (Doc. 81).

First, the Court finds that this motion should not have been filed as one pursuant to 28 U.S.C. § 2255.[1] Rather, this motion should have been filed as a

---

[1] As stated previously and in the Government's response, Acosta-Leal's Plea Agreement contains an appeal and collateral review provision waiver which if valid would bar this motion under § 2255. Without addressing the merits of this issue as it is not necessary, the Seventh Circuit has found these types of waivers to be valid. The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. **United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir.),** *cert. denied*, **520 U.S. 1281 (1997); United States v. Schmidt, 47 F.3d 188, 190 (7th Cir. 1995).** *See also* **United States v. Wenger, 58 F.3d 280, 281 (7th Cir.),** *cert. denied*, **116 S.Ct. 349 (1995)**. A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for instance, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. **Feichtinger, 105 F.3d at 1190**. Further, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. **Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999)**. Indeed, the Seventh Circuit has

petition for habeas corpus pursuant to 28 U.S.C. § 2241. A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of confinement. ***Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973);** *Waletzki v. Keohane*, **13 F.3d 1079, 1080 (7th Cir. 1994)**. The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. ***See* 28 U.S.C. § 2241(c)(3).** Acosta-Leal is seeking credit for time served from February 17, 2010 to March 8, 2010. During this time, Acosta-Leal was detained by ICE and contends that this confinement qualifies as "official detention" pursuant to 18 U.S.C. § 3585(b). Therefore, the proper vehicle would have been to file a *civil* petition for habeas corpus pursuant to 28 U.S.C. § 2241. Despite this procedural shortcoming and others, the Court treats the motion as if it was filed properly because of the sensitive time issue.[2]

      The Supreme Court "has given deference to BOP interpretation of sentence administration statutes noting that the BOP is the agency charged with

---

specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, **123 F.3d 627, 631-32 (7th Cir. 1997);** *Feichtinger*, **105 F.3d at 1190.** *See also United States v. Woods*, **581 F.3d 531, 534 (7th Cir. 2009);** *United States v. Emerson*, **349 F.3d 986, 988 (7th Cir. 2003)**.

[2]The proper respondent in a § 2241 proceeding is "the person who has custody over [Petitioner]..." 28 U.S.C. § 2242. Furthermore, there is no indication that Acosta-Leal exhausted his administrative remedies. Although exhaustion of administrative remedies is not a statutory pre-requisite for bringing a § 2241 action, a federal district court may require a petitioning inmate to exhaust his administrative remedies before seeking § 2241 relief. *See McCarthy v. Madigan*, **503 U.S. 140, 144 (1992);** *Clemente v. Allen*, **120 F.3d 703, 705 (7th Cir. 1997)**. However, exhaustion is not required if it would be futile.

administering 18 U.S.C. § 3585(b)." **See Reno v. Koray, 515 U.S. 50, 60 (1995)**. 18 U.S.C. § 3585(b) states that "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ..." The Bureau of Prisons Program Statement 5880.28, *Sentence Computation Manual CCCA,* establishes that a person detained by INS while awaiting a deportation determination is not "in official detention" as required by 18 U.S.C. § 3585(b). **See also Reno, 515 U.S. at 60-61**. Given that Acosta-Leal was subject to ICE control, not the BOP; and that a deportation hearing is a civil not a criminal action, Acosta-Leal's request for credit for time served pursuant to 18 U.S.C. § 3585(b) lacks merit.

Accordingly, the Court **DENIES** Acosta-Leal's motion for post-sentencing relief pursuant to 28 U.S.C. § 2255 which the Court considered as a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. 81).

**IT IS SO ORDERED.**

Signed this 5th day of November, 2010.

David R. Herndon
2010.11.05 15:01:02
-05'00'

**Chief Judge**
**United States District Court**